# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

SAMUEL G. COOPER,

    Petitioner,

vs.

STATE OF NEVADA,

    Respondents.

2:18-cv-00124-GMN-VCF

**ORDER**

This is a habeas corpus proceeding under 28 U.S.C. § 2254. Petitioner, Samuel G. Cooper, has paid the filing fee of $5.00 required to initiate this action, so the clerk shall be directed to file the petition herein.

In reviewing the petition under Rule 4 of the Rules Governing Section 2254 Cases, the court notes the conviction and sentence Cooper seeks to challenge was entered in 1987. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d)(1). For petitioners like Cooper, whose convictions became final before the passage of the AEDPA, the one-year limitations period began running on April 25, 1996, the day after the statute's effective date, and expired on April 24, 1997, unless it was tolled. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).

Pursuant to *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001), the court *sua sponte* raises the question of whether the petition is time-barred for failure to file the petition within in § 2244(d)(1)'s one-year limitation period. Based on the information provided by Cooper with his initial filing, it

appears that his habeas petition has been filed well beyond the limitation period. Thus, this court shall require Cooper to show cause in writing why his petition should not be dismissed with prejudice as time-barred.

Under certain circumstances, the one-year limitation period may begin running on a later date. *See* 28 U.S.C. § 2244(d)(1)(B-D). Under 28 U.S.C. § 2244(d)(2), the federal limitation period is statutorily tolled during the pendency of a properly filed application for state post-conviction relief or for other state collateral review. However, if a state court determines the collateral challenge was not timely filed under state law, the collateral challenge is not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). In other words, "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Id*. at 414 (citation omitted). Also, once a state post-conviction proceeding pursuant a properly filed application has concluded, the statutory time period resumes running.

In addition, the one-year limitation period may be equitably tolled. Equitable tolling is appropriate only if the petitioner can show: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 130 S.Ct. 2549, 1085 (2010). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." *Miranda*, 292 F.3d at 1065. He must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g.*, *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

Petitioner is advised that the equitable rule in *Martinez v. Ryan*, 566 U.S. 1 (2012), "applies only to the issue of cause to excuse the procedural default of an ineffective assistance of trial counsel

claim that occurred in a state collateral proceeding" and "has no application to the operation or tolling of the § 2244(d) statute of limitations" for filing federal habeas petitions. *Chavez v. Sec'y, Fla. Dep't of Corr.*, 742 F.3d 940, 943, 945 (11th Cir. 2014) (citing *Arthur v. Thomas*, 739 F.3d 611, 629-631 (11th Cir. 2014)). *See Manning v. Epps*, 688 F.3d 177, 189 (5th Cir. 2012) (*Martinez* does not extend to the statute of limitations period under 28 U.S.C. § 2244(d)(1)(B)).

**IT IS THEREFORE ORDERED** that the clerk shall **file** the petitioner's petition for writ of habeas corpus.

**IT FURTHER IS ORDERED** that, within **thirty (30) days** of entry of this order, petitioner shall **show cause** in writing why the petition should not be dismissed with prejudice as time-barred. If petitioner does not timely respond to this order, the petition will be dismissed with prejudice as time-barred without further advance notice. If petitioner responds but fails to show – with specific, detailed and competent evidence – that the petition is timely, the action will be dismissed with prejudice.[1]

**IT FURTHER IS ORDERED** that all assertions of fact made by petitioner in response to this show-cause order must be detailed, must be specific as to time and place, and must be supported by competent evidence. The court will not consider any assertions of fact that are not specific as to time and place, that are not made pursuant to a declaration under penalty of perjury based upon personal knowledge, and/or that are not supported by competent evidence filed by petitioner in the federal record. Petitioner must attach copies of all materials upon which he bases his argument that the petition should not be dismissed as untimely. Unsupported assertions of fact will be disregarded.

---

[1] This order does not explicitly or implicitly hold that the petition otherwise is free of deficiencies. For example, Cooper has provided contradictory and confusing information with respect to prior federal habeas litigation challenging his conviction. If this is a second or successive federal petition, this court is without jurisdiction to entertain the petition unless Cooper first obtains authorization from the court of appeals. *See* 28 U.S.C. § 2244(b).

**No extension of time will be granted to respond to this order except in the most compelling of circumstances.**

Dated this __18__ day of April, 2018.

_____
UNITED STATES DISTRICT JUDGE