UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

SAMUEL G. COOPER,

Petitioner,

v.

STATE OF NEVADA,

Respondent.

Case No. 2:18-cv-00124-GMN-VCF

ORDER

On April 18, 2018, this court entered an order directing petitioner Cooper to show cause why his federal habeas petition under 28 U.S.C. § 2254 should not be dismissed as untimely. ECF No. 5. In that order, the court noted that the conviction and sentence Cooper seeks to challenge was entered in 1987.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d)(1). For petitioners like Cooper, whose convictions became final before the passage of the AEDPA, the one-year limitations period began running on April 25, 1996, the day after the statute's effective date, and expired on April 24, 1997, unless it was tolled. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).

In his response to the order to show cause, Cooper appears to be arguing that the holdings in *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), and *Welch v. U.S.*, 136 S. Ct. 1257 (2016), allow him to proceed with his current petition. Cooper contends that the *Kazalyn* instruction[1] used at his trial has been ruled unconstitutional and

---

[1] The instruction was so named because its use was condoned by the Nevada Supreme Court in *Kazalyn v. State*, 825 P.2d 578, 582 (Nev. 1992). In *Byford v. State*, 994 P.2d 700, 713 (Nev. 2000), the Nevada Supreme Court concluded that the *Kazalyn* instruction "blur[red] the distinction between first-and second-degree murder" by not sufficiently distinguishing between the distinct elements of deliberation and premeditation.

*Montgomery* and *Welch* require that ruling to be applied retroactively to his case. This argument is without merit.

In *Nika v. State*, 198 P.3d 839, 848–850 (Nev. 2008), the Supreme Court of Nevada held that *Byford* announced a change in state law that applies to cases that were not final when *Byford* was decided in 2000. Cooper cannot benefit from *Nika/Byford*, nor were his constitutional rights violated by use of the *Kazalyn* instruction, because, by his own admission, his conviction was final in 1989. ECF No. 2. Consequently, there is no applicable rule of constitutional law to be retroactively applied under *Montgomery* or *Welch*.

In addition, Cooper also asks this court to issue a stay while he seeks permission from the court of appeals to file a successive habeas petition under 28 U.S.C. § 2244(b). It is not clear from the record, however, that Cooper has previously filed a federal habeas action, thereby making this "a second or successive habeas application."[2] Moreover, if this is, in fact, a second or successive habeas action, this court is without jurisdiction to maintain this proceeding prior to receiving authorization from the court of appeals. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007).

Because Cooper has failed to show cause for failing to file his petition within the one-year period under 28 U.S.C. § 2244(d)(1), this action will be dismissed as untimely.

**IT IS THEREFORE ORDERED** that Cooper's petition for writ of habeas corpus (ECF No. 6) is DISMISSED with prejudice as untimely. The Clerk shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that a certificate of appealability is DENIED.

DATED THIS 13 day of December, 2018.

UNITED STATES DISTRICT JUDGE

---

[2] No such proceeding appears on this court's electronic docket. And, while Cooper represented to the court in his habeas petition that this is not his first federal habeas petition, he erroneously lists a state court proceeding as his prior "federal" habeas case. ECF No. 6, p. 2.

2